**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JACQUELINE SANDRA WHEELER,

      Plaintiff,
vs.                                              Case No. 3:13-cv-1286-J-34JRK

REASSURE AMERICA LIFE INSURANCE
CO., and JACKSON NATIONAL LIFE
INSURANCE COMPANY,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. On October 23, 2013, Defendant Jackson National Life Insurance Company ("Jackson") filed a Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1.[1] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists

---

[1] The "rule of unanimity" mandates that in order to remove a case involving multiple defendants, the removing defendant must obtain the consent of all other defendants who had been properly served at the time of removal. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044, 1049 (11th Cir. 2001); see also Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008). A review of the documents attached to the Notice, including the docket of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, (Doc. 1-1 at 1; State Court Docket), indicates that Plaintiff has effected service of process on Defendant Jackson, (see Doc. 1-1 at 53; Notice of Service of Process), but not on Defendant Reassure America Life Insurance Company. "The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." Johnson v. Wellborn, P.A., 418 F. App'x 809, 815 (11th Cir. 2011)(citing Bailey, 536 F.3d at 1208). As set forth below, the Court directs Jackson to provide sufficient information so that the Court can determine whether it has jurisdiction over this matter. Additionally, Jackson is required to address whether or not the "rule of unanimity" is applicable to this case.

regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Notice, Jackson asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Notice at 1-2. As to Defendants, Jackson alleges that "Defendant Reassure America Life Insurance Company is a foreign corporation organized under the laws of the State of Indiana with its principal place of business in Armonk, New York," and that "Defendant Jackson National Life Insurance Company is a foreign corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan." Id. at 2. Thus, Jackson properly alleges the citizenship of the Defendant corporations. See Flintlock Constr. Serv., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013)(for purposes of diversity jurisdiction, a corporation "is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." (citing 32 U.S.C. 1332(c)(1)).

With regard to the Plaintiff, Jackson alleges that Plaintiff Jacqueline Sandra Wheeler is a citizen of the State of Florida, based upon Plaintiff's failure to timely respond to

Jackson's First Request for Admissions, which were served on Plaintiff on September 9, 2013. Notice at 1-2. Specifically, Jackson alleges:

> Defendant's [Jackson's] Requests for Admissions propounded in the State Court action sought an admission that Plaintiff was a citizen of the State of Florida. Plaintiff failed to respond to the Requests for Admissions by the due date of October 14, 2013 and citizenship in the State of Florida is therefore deemed admitted.

Id. at 2. Jackson contends that "[b]y virtue of the foregoing, there is complete diversity between the parties and this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.[2] However, Jackson's First Request For Admissions, attached to its Notice, asks the Plaintiff to admit or deny the statement: "Plaintiff Jacqueline Sandra Wheeler is a resident of Duval County, Florida." (Doc. 1-1 at 54; Request for Admissions). Although the Notice alleges Plaintiff's citizenship, the supporting Request for Admissions upon which the Notice relies, fails to identify Plaintiff's citizenship. See generally id. The Court is also unable to discern such information from the Plaintiff's Amended Complaint, originally filed in state court. (See Doc.2; Amended Complaint).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish

---

[2] In addition, although Plaintiff's Amended Complaint alleges that this is a civil action for damages that exceed $15,000.00, (see Doc 2; Amended Complaint at 1), Defendant Jackson alleges that "the Complaint includes a claim for payment of life insurance proceeds to Plaintiff in the amount of five-hundred thousand dollars ($500,000.00)." Notice at 2. Based on this, Jackson alleges that the amount in controversy exceeds $75,000.00. Id. Plaintiff's Amended Complaint alleges a claim for proceeds under an insurance policy which is attached as an exhibit to the Amended Complaint, and has a face value of $500,000.00. (See Doc. 2-1 at 2; Insurance Policy). Under Rule 10(c), Federal Rules of Civil Procedure (Rule(s)), "attachments are considered part of the pleadings for all purposes . . . ." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Fed. R. Civ. P. 10(c) (the exhibits are part of the pleading "for all purposes"). Jackson has satisfied the requisite jurisdictional amount in controversy requirement of $75,000 for diversity jurisdiction. See 28 U.S.C. § 1332(a).

diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(quotation and citation omitted).

The Court's review of the Notice and the Amended Complaint discloses that the requisite diversity of citizenship is not apparent from the parties' allegations. As the Notice discloses only Plaintiff's residence by reference to Jackson's Request for Admissions, rather than her state of citizenship, the Court finds that Defendant Jackson has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Jackson an opportunity to establish

diversity of citizenship between the parties and that this Court has jurisdiction over this action.³ Accordingly, it is hereby

**ORDERED**:

Defendant Jackson National Life Insurance Company shall have until **November 22, 2013**, to provide the Court with 1) sufficient information so that it can determine whether it has jurisdiction over this action, and 2) whether Defendant Reassure America Life Insurance Company is required to consent to this removal.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of October, 2013.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc12

Copies to:
Counsel of Record

---

³ The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").